**This order is SIGNED.**

 

**Dated: June 30, 2016**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Waterford Funding, LLC, *et al.*,<br><br>                          Debtors. | Bankruptcy Number: 09-22584<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |
| Gil A. Miller, as the Chapter 11 Trustee, Waterford Funding, LLC, *et. al.*,<br><br>                          Plaintiffs,<br><br>v.<br><br>John D. Stone,<br><br>                          Defendant. | Adversary Proceeding No. 11-2093 |

**MEMORANDUM DECISION ON MOTION TO SET ASIDE DEFAULT JUDGMENT**

Defendant's Motion to Set Aside the Default Judgment (Motion) filed by John Stone (Defendant) came before the Court on May 11, 2016. Reid Tateoka appeared on behalf of Defendant, John Stone, and Jessica Wilde appeared on behalf of Baker Recovery Services (BRS), assignee of the judgment Plaintiff.

# I. JURISDICTION

The jurisdiction of this Court is properly invoked under 28 U.S. C. § 1334. The Court entered a default judgment against Defendant, and Defendant moved to set aside the default judgment. Because the underlying complaint was premised on an alleged fraudulent transfer under 11 U.S.C. § 548, this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H) and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. § 1408 and 1409.

# II. UNDISPUTED FACTS

Plaintiff and Defendant have stipulated to the following facts:[1]

1. Prior to May 7, 2010, John Stone and his wife, LaDawn Stone (the "Stones"), lived at 1036 Morning Glory Court, El Dorado Hills, CA 95762 (the "Morning Glory Home").

2. On June 24, 2010, the Stones sold the Morning Glory Home.

3. On or about May 7, 2010, the Stones moved from the Morning Glory Home to a home located at 2716 Highland Hills, El Dorado Hills, CA 95762 (the "Highland Hills Home").

4. Mr. Stone did not regularly conduct any business at the Morning Glory Home.

5. When Mr. Stone moved from the Morning Glory Home, he filled out a change-of-address form and filed it with the United States Post Office (the "Post Office") to forward his mail to his Highland Hills Home.

---

[1] Joint Statement of Undisputed Facts, docket 31, filed May 11, 2016.

6. It is the policy of the Post Office that when a forwarding request is made, by filling out a change-of-address form, the Post Office forwards mail to the new address for a period of 12 months. This was the policy of the Post Office in 2010 and 2011.

7. On or about January 13, 2011, the plaintiff, Gil A. Miller, as the Chapter 11 Trustee (the "Trustee"), mailed the Summons, Complaint, and a letter dated January 11, 2011 by first class mail and separately, by certified mail, to the Morning Glory Home.

8. On or before February 1, 2011, Mr. Stone left a voicemail message with the Trustee. In his message, Mr. Stone said: "Hi, Gill, my name's John Stone. I've received a couple of letters from you just with regard to the Waterford bankruptcy. My cell phone which you can reach me is 916.834.3417. We can just visit more when you call. Okay, thanks Gil. Bye."

9. On January 20, 2011, LaDawn Stone signed a certified mail receipt.

In addition to the foregoing Stipulated Facts, the Court takes judicial notice of several docket items. The certified mail receipt, referenced in paragraph 9 and filed at docket #2, shows that Ledawn [sic] Stone signed for delivery of the Summons and Complaint. The box indicating that the delivery address was different is also checked on the card, and the Defendant's current address at the Highland Hills Home is written. The Trustee received this card and filed it with the court. When the default certificate was originally filed, the deputy court clerk did not sign it and explained the following deficiency in service in a docket text entry dated May 16, 2011: "Unable to establish whether service was in compliance with F.R.B.P. 7004(e). Note: Party served not Defendant in case, and service address appears different and incomplete."

After the clerk's office refused to sign the original default certificate, the Trustee filed an Affidavit/Declaration at docket #8 on May 17, 2011, which was signed by Patricia Brown, an employee of the Trustee's law firm. Ms. Brown stated that she had sent the Summons and Complaint by first class mail to the Morning Glory Home. A second default certificate was submitted by the Trustee on June 16, 2011. It was signed and entered at docket #11.

### III. DISCUSSION

A default judgment is available "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[2] The failure to plead or defend the case must be shown by affidavit or otherwise.[3] This typically means the moving attorney files an affidavit describing the manner in which the defendant was served and stating that the defendant has failed to respond to the complaint. A default certificate is then entered by the clerk of the court.[4] The final step in the process is when the judge signs the default judgment.

The court may set aside a final default judgment under Rule 60(b) if challenged within a reasonable time.[5] However, challenges under Rule 60(b)(4) are "not subject to any time limitation. This subdivision provides relief from final judgment if the judgment is void."[6] The Tenth Circuit has stated that relief from a void judgment is mandatory, not discretionary.[7]

---

[2] Fed. R. Civ. P. 55(a); Bankr. R. 7055(a).

[3] *Id.*

[4] *See id.; see also* Local Rule 7055-1(a).

[5] *See* Fed. R. Civ. P. 55(c).

[6] *See V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979).

[7] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

"Proper service of process is fundamental to invoking the bankruptcy court's personal jurisdiction over a defendant."[8] "A default judgment obtained in the absence of personal jurisdiction over the defendant is void."[9] The fact that the default judgment in this proceeding was entered on June 24, 2011 does not bar relief if the service of process was defective.

Service of process is the most critical element in obtaining a default judgment. Personal service under Federal Rule of Civil Procedure 4 and Federal Rule of Bankruptcy Procedure 7004 serves two purposes. One purpose is to notify the defendant of the commencement of the action against him. "Good notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[10] The second purpose is to confer jurisdiction over the defendant.[11] "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."[12]

---

[8] *Lusk v. Check'N Go of Kansas (In re Lusk)*, No. 10-13771, 2016 WL 918928, at *1 (Bankr. D. Kan. Mar. 8, 2016)

[9] *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559, 563 (D. Kan. 2004) (relying on *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)).

[10] *Texas Western Financial Corp. v. Edwards*, 797 F.2d 902, 905 (10th Cir. 1986) (quoting *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950)).

[11] "Personal Jurisdiction. If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code." Bankruptcy Rule 7004(f).

[12] *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (citing *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) (alteration in the original).

The Summons and Complaint were sent by first class mail and certified mail to the Defendant at the Morning Glory Home, where he no longer lived. No one disputes the fact that the Summons and Complaint reached the Defendant. The Defendant called the Trustee and talked about the matter. However, knowledge does not substitute for proper service. If actual knowledge were the only purpose of serving the summons, then "a defendant could never object to the sufficiency of service of process, since he must have knowledge of the suit to make such objection."[13]

"For a default judgment to withstand an attack based on a claim of invalid service the record must affirmatively show strict compliance with the provided manner and mode of service of process."[14] In addition to those methods of service provided by Federal Rules of Civil Procedure 4, Bankruptcy Rule 7004(b) provides for service by first class mail. Bankruptcy Rule 7004(b) provides a "'comparatively lenient' method of service in bankruptcy cases. Because the method of service is not burdensome, it is all the more important to strictly comply with the service requirements."[15] "[S]trict compliance with Rule 7004 serves to protect due process rights as well as to assure bankruptcy matters proceed expeditiously."[16]

---

[13] *Sewell v. Xpress Lube*, 321 P.3d 1080, 1085 (Utah 2013) (quoting *Murdock v. Blake*, 484 P.2d 164, 167 (Utah 1971)).

[14] *Texas Western Financial Corp. v. Edwards*, 797 F.2d 902, 905 (10th Cir. 1986) (internal quotation marks omitted).

[15] *Kennedy v. Citibank South Dakota (In re Kennedy)*, 403 B.R. 363, 365 (Bankr. S.D. 2009) (internal citation omitted).

[16] *Jobin v. Otis (In re M&L Business Machine Company)*, 190 B.R. 111, 115-16 (D. Colo. 1995).

BRS, the judgment assignee, argues that service was proper because the Trustee mailed the Summons and Complaint to the Morning Glory Home within a year after the Defendant moved and because the forwarding order was still in effect, the Summons and Complaint would have been forwarded to the Defendant. BRS cites two cases to support its argument that mailing a summons and complaint to a prior address is effective service if a forwarding order is in effect. In *Barrett v. County of Northampton*,[17] the county taxing entity mailed a tax sale notice to the taxpayers' stale address which was returned marked, "Return to sender – Forward Order Expired." The court held that the failure to inquire for a current address vitiated the notice, and so invalidated the tax sale. Rather than supporting BRS's argument that relying on a forwarding order is sufficient notice, the *Barrett* court concluded that an entity should make a reasonable investigation to discover a party's current address.

The second case cited by BRS also involved a tax notice. In *Miller v. Commissioner*,[18] the IRS mailed a notice of deficiency to the taxpayers' last known address, which the taxpayers claimed they never received. Notice of a tax deficiency is governed by 26 U.S.C. § 6212, which specifically refers to the taxpayer's "last known address." The Tenth Circuit noted that the statute provides that such notice is valid, "even if the taxpayer does not receive it."[19]

While the Tax Code allows the IRS to send tax deficiency notices to the taxpayer's last known address, the Bankruptcy Rules require a plaintiff in an adversary proceeding to send notice of the summons and complaint to "the individual's dwelling house or usual place of abode

---

[17] 50 Pa. D. & C.3d 640 (Pa. Commw. Ct. 1988).

[18] 61 F.3d 916 (10th Cir. 1995).

[19] *Id*. at *1 (citing 26 U.S.C. § 6212(b)(1)).

7

or to the place where the individual regularly conducts a business or profession."[20] There is no provision in the Rule that permits the plaintiff to use a last known address, or rely on the post office to forward mail to the defendant. "A person's 'dwelling house or usual place of abode' is determined at the time service is attempted. The inquiry is fact intensive. Essentially, it is the place, at the time of service, at which one could reasonably expect to find the individual sought living."[21]

When effecting service pursuant to Bankruptcy Rule 7004(b), the plaintiff must make a reasonable inquiry to determine the defendant's dwelling house or usual place of abode. Not only is there no evidence that such an inquiry was made, but the Trustee ignored information that the Summons and Complaint were not sent to the Defendant's dwelling house or usual place of abode. In this case, the Trustee was informed of the Defendant's current address by the information written on the certified mail receipt, but did not amend service, and continued to use the old address for subsequent mailings. Even after the court clerk docketed a text entry regarding the error in the address, the Trustee filed an Affidavit/Declaration reaffirming that service was made to the Morning Glory Home, which did not correct the deficiency in the service.

The clerk of the court rejected the service by certified mail. Because the default certificate and judgment were not issued pursuant to the affidavit of service by certified mail, the alleged service by certified mail has no relevancy. The relevant default certificate was signed after the

---

[20] Bankruptcy Rule 7004(b)(1).

[21] *Jobin v. Otis (In re M&L Business Machine Company, Inc.)*, 190 B.R. 111, 117 (D. Colo. 1995) (internal citations omitted).

Trustee's counsel submitted an affidavit stating that the Summons and Complaint were served on the Defendant via first class mail. However, that was not the case because counsel for the Trustee was informed that the Summons and Complaint were not mailed to the Defendant at his current dwelling. The default certificate and default judgment should not have been entered.

### IV. CONCLUSION

Through a chance event, the Summons and Complaint did reach the Defendant, giving him actual notice of the proceeding. However, a chance event cannot confer jurisdiction upon this Court to enter a default judgment. The default judgment against the Defendant is void and pursuant to Fed. R. Civ. Pro. 60(b)(4) should be vacated.

-----------------------------------------END OF DOCUMENT-------------------------------------------

_____ooo0ooo_____

# DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **Memorandum Decision on Motion to Set Aside Default Judgment** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

Reid Tateoka
McKay Burton & Thurman
170 South Main Street
Suite 800
Salt Lake City, UT 84101

Jessica P. Wilde
Jones, Waldo, Holbrook & McDonough, P.C.
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

John Stone
2716 Highland Hills
El Dorado Hills, CA 95762